CSATLOS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.   March 25, 1904.)

1. STREET RAILWAYS—INJURY TO CHILD ON TRACK.—NEGLIGENCE—EVIDENCE.
     Evidence, in an action for injury to a child who stepped on a street car track but a few feet in front of the car, *held* insufficient to go to the jury on the question of the driver's negligence.
     Patterson and O'Brien, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by William Csatlos against the Metropolitan Street Railway Company.   From a judgment on a verdict for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed.

See 75 N. Y. Supp. 583; 79 N. Y. Supp. 653; 81 N. Y. Supp. 1122.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
William H. Leonard Edwards, for respondent.

McLAUGHLIN, J.   Action to recover damages for personal injuries on the ground that the same were caused by defendant's negligence.   There have been three trials, and two previous appeals to this court.   The facts are so fully stated in the opinions delivered on the former appeals that it is unnecessary to again restate them.   70 App. Div. 606, 75 N. Y. Supp. 583; 78 App. Div. 635, 79 N. Y. Supp. 653.   On the first trial the plaintiff had a recovery, which was reversed by this court, and a new trial ordered, on the ground of an error in the charge.   On the second trial plaintiff again had a recovery, which was also reversed by this court, and a new trial ordered, on the ground that the verdict was brought about either by the refusal of the jury to follow the instructions of the trial court, or else was the result of prejudice or misapprehension of the issues involved.   On the third trial plaintiff again had a recovery, and the defendant has again appealed.

On the first and second trials the plaintiff endeavored to prove that the defendant was negligent, not only in the operation of the car which ran over the plaintiff, but also in having it equipped with a defective brake.   On the last trial, however, the question as to the defective brake was eliminated, and the plaintiff's proof as to the alleged negligence of the defendant was confined solely to the operation of the car.   After a careful consideration of all the evidence bearing on this subject, I am unable to find any justification for the verdict.   This evidence does not establish defendant's negligence, nor does it permit of an inference that an ordinarily prudent man would have acted under the circumstances otherwise than the driver of the car did.   Indeed, as I read this record, the evidence as to the operation of the

car is precisely, in legal effect, the same as it was upon the first trial, and then this court was unanimously of the opinion that the evidence would not support a finding that the driver of the car did not do his utmost to prevent injury to the plaintiff, Judge O'Brien, who delivered the opinion of the court, said: "There is no evidence in this record to support a finding that the driver failed to do his utmost, after knowledge that those crossing in front of him were in danger, to avert the accident." It is true that on the second trial it was intimated in the opinion delivered—although such intimation was not necessary to or involved in the decision made—that the evidence as to the operation of the car had been so far changed on the second trial as to permit a finding of negligence. The same justice who delivered the first opinion said: "An examination of the record discloses that the testimony now presented upon the subject of the operation of the car by the driver is not precisely the same as it was on the prior appeal. Then the driver testified that he first saw the plaintiff as he stood in the middle of the track five feet ahead, and he at once put on the brake and separated his horses, and tried by shouting to avert the accident. On this trial he testified that he saw the plaintiff and those who accompanied him, while they were on the east-bound track going across the street with the evident purpose of crossing in front of him, and when he had his horses' heads just over the north-bound Second avenue track," and at that time he judged the parties were 10 or 12 feet in front of the horses. The difference in the testimony thus adverted to did not appear on the last trial. The driver of the car then testified, as he did upon the first trial, that he first saw the plaintiff when the women who were with him jumped back and left him on the tracks, and that he was then about five feet from the horses' heads. He further testified—and his testimony in this respect is not contradicted—that as soon as he saw the plaintiff he did all he could to stop the car, but was unable to do so until after the plaintiff was knocked down by one of the horses or the whiffletree, and injured. So that if we give to the testimony of the driver of the car, and the other testimony bearing upon the operation of the car, all the force that can be legally given to it, as well as every legal inference which can be drawn from it, I think it fails to establish fault on the part of the driver of the car, or that the plaintiff's injuries were the result of any negligent act of the defendant. In this connection it will be remembered that the driver reduced the speed of the car, while crossing the avenue, to between three and four miles an hour, and that as soon as he saw the women accompanying the plaintiff approaching a place of danger he warned them of the approach of the car, and in ample time to permit them to escape. They left the plaintiff standing upon the tracks, and it was at this instant that the driver for the first time saw him, and he immediately did his utmost to bring his car to a standstill and avoid the accident. There is no question of excessive speed of the car presented, and the only possible ground of negligence which can be suggested is the failure of the driver to stop the car before the plaintiff was injured, and this the evidence shows he could not do. The testimony of the driver of the car is clear, and the fact is uncontradicted, that he acted

promptly as soon as he saw the plaintiff, and put forth his utmost endeavors to prevent injuring him. There is nothing to show that the driver, under the circumstances, failed to exercise the care of an ordinarily prudent person, or that his negligence resulted in plaintiff's injury.

Upon the whole case, therefore, I am of the opinion that the plaintiff failed to prove that his injuries were the result of defendant's negligence, and that the defendant's exception to the denial of the motion, made at the close of the trial, to dismiss the complaint, was well taken. If I am right in this, then it follows that the judgment and order appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and INGRAHAM, J., concur. PATTERSON and O'BRIEN, JJ., dissent.